UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHAD E. LAUGHTER,

         Plaintiff(s),

vs.

PROGRESSIVE DIRECT INSURANCE COMPANY,

         Defendant(s).

Case No. 3:20-CV-0429-MMD-CLB

**ORDER SETTING CASE MANAGEMENT CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule ("LR") 16-2, a case management conference shall be set before United States Magistrate Judge Carla Baldwin as the court concludes that a Rule 16 case management conference will assist the parties, counsel, and the court.

A video case management conference utilizing Zoom video conferencing technology is set before this Court on **Friday, September 18, 2020** at **9:00 a.m.**  The court will send an email containing information required to join the Zoom video conference prior to the hearing date.

The case management conference is mandatory and lead counsel or trial counsel are required to appear via video conference for this hearing.[1]  If there is a conflict with the date and time for the hearing, counsel have leave to request that the conference be continued.  Counsel who have not made a formal appearance in the case or whose name does not appear on CM/EMF will not be permitted to appear. Moreover, failure to attend the case management conference or attending the case management conference

---

[1]Associate counsel and any other members of the public may attend this hearing via telephone by dialing **877-336-1829**, Access Code **2809752**, Security Code **20429**.

1

2   without a thorough familiarity of the facts and the law related to the instant case may

result in sanctions.

3

In preparation for this case management conference, **IT IS HEREBY ORDERED**:

4

**A.**     **Meet and Confer**

5

Within twenty (20) days of the case management conference, lead counsel for

6   each party are ordered to meet and confer either, in person, or telephonically, to discuss

7   the following:

8

1.     Settlement: Counsel shall thoroughly discuss the possibility of

9   settlement before undertaking the preparation of the Joint Case Management Report or

10  engaging in extensive discovery. However, if after the initial meet and confer session,

11  settlement discussions are progressing, the parties must comply still with the

12  requirements of this order unless otherwise excused by the Court. If the entire case is

13  settled, the parties must promptly notify the Court and counsel's presence, as well as a

14  Joint Case Management Report, will not be required.

15

2.     Electronically Stored Information ("ESI"): Prior to the meet and

16  confer session, each counsel should carefully investigate their respective client's

17  information management system so that they are knowledgeable as to its operation,

18  including how information is stored and how it can be retrieved. The parties shall meet

19  and attempt to agree on the following matters related to ESI:

20

a)     What types of ESI will be at issue in the case;

21

b)     The steps the parties will take to segregate and preserve

22  computer−based information in order to avoid accusations of spoliation;

23

c)     The scope of e−mail discovery and attempt to agree upon an

24  e−mail search protocol. This should include an agreement regarding inadvertent

25  production of privileged e−mail messages;

26

27

28

d)      Whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration;

e)      Whether or not back−up data may be necessary, the extent to which back−up data is needed and who will bear the cost of obtaining back−up data; and,

f)      An agreed upon format of ESI disclosures, such as PDF vs. Native Format, etc.

3.      Issues Required For Case Management Report: The parties shall meet and confer on all the various other items required in the Joint Case Management Report.

**B.      Joint Case Management Report**

The parties shall file a Joint Case Management Report electronically on CM/ECF no later than one (1) full week prior to the scheduled case management conference. This report shall not exceed fifteen (15) pages and shall not include any attached exhibits.

However, if any party fails to participate in preparing the Joint Case Management Report, the non−offending party shall detail the party's effort to get the offending party to participate in drafting the report. The non−offending party shall still file the report one (1) full week prior to the case management conference.  The offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this order.

**C.      Contents of Joint Case Management Report**

The joint case management report shall include the following information in separately numbered paragraphs as designated below:

1.      A short statement of the nature of the case (three pages or less), including a description of each claim and defense;

1

2            2.        The jurisdictional bases for the case, citing specific jurisdictional

3   statutes. If jurisdiction is based on diversity, the citizenship of each party shall be identified

4   and the amount in controversy must be stated;

5            3.        Whether any party expects to add additional parties to the case or

    otherwise amend the pleadings;

6            4.        Whether there are any pending motions, including a brief description

7   of those motions;

8            5.        Whether this case is related to any other case pending before this

9   court or any other court, including a bankruptcy court, and if so, provide a brief description

10  of the status of those case(s);

11           6.        A complete and detailed statement related to discovery, which

12  addresses the following issues:

13           a)        The date the Rule 26(f) initial disclosures were provided, or

14  will be provided, by each party;

15           b)        A brief statement regarding, what discovery requests have

16  been served by any party, who the requests were served upon, and the due dates for

17  responses to those requests;

18           c)        Whether the parties anticipate the need for a protective

19  order relating to the discovery of information relating to a trade secret or other

20  confidential research, development, or commercial information;

21           d)        Any issues or proposals relating to the timing, sequencing,

22  phasing or scheduling of discovery;

23           e)        Whether the parties anticipate the need to take discovery

24  outside of the District of Nevada or the United States and, if so, a description of the

25  proposed discovery; and,

26

27

28

1
2
3

f)	A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions.

4
5
6
7

7.	A brief statement regarding the types of ESI expected in the case, where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above, and any outstanding disagreements between the parties related to ESI.

8
9
10

8.	In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed firm dates for each of the following pursuant to Local Rule 26-1:

11

a)	A deadline for the completion of discovery;

12

b)	A deadline for amending the pleadings and adding parties;

13

c)	Dates for complete disclosure of expert testimony;

14

d)	A deadline for the filing of dispositive; and,

15

e)	A date by which the parties will file the joint pretrial order.

16
17
18
19
20
21
22
23
24

The parties shall state whether the dates proposed in this paragraph are within the deadlines specified in LR 26-1(e).  If so, then the parties' report shall state, "THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are sought, the parties' report shall state "SPECIAL SCHEDULING REVIEW REQUESTED."  If the parties request special scheduling review of the LR 26-1(b) deadlines, the parties shall include a statement of the reasons why longer or different time periods should apply to the case.  If the parties disagree as to the LR 26-1(b) deadlines, a statement of each party's position on each point of dispute should be provided.

25
26
27

9.	Whether a jury trial has been requested, whether the request for a jury trial is contested (if the request is contested, set forth reasons), and an estimated length for trial.

28

10.     A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference, i.e., before further discovery, after discovery, after dispositive motions, etc.

11.     Whether the parties intend to proceed before the magistrate judge. Presently, when a civil trial is set before the district judges, any criminal trial set that conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead trail from day to day or week to week until the completion of either the criminal case or the older civil case. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.[2] and,

12.     Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre−trial motions or trial.

The parties are reminded that the filing of a dispositive motion does not stay a case in federal court, nor does it excuse the parties with proceeding with their discovery obligations as required by the Local Rules and the Federal Rules of Civil Procedure. Failure to follow the Local Rules and comply with discovery obligations without first obtaining an order from the court either delaying discovery requirements, staying discovery or staying the entire case may result in sanctions.

**Should counsel or a party appearing pro se fail to appear at the Joint Case Management Conference, or fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary**

_____

[2]A form to be used for consent to proceed before the Magistrate Judge may be found on the Court's website, www.nvd.uscourts.gov/Forms.aspx  (AO 85, Notice of Availability of a U.S. Magistrate Judge).  Consent forms should NOT be electronically filed.  Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office.

1

2

**sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

3          IT IS SO ORDERED.

4          Dated: July 28, 2020

5

6

7          _____
           CARLA BALDWIN
8          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28